UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ZACHARY LAVON OREE** | **:** | **DOCKET NO. 21-cv-01848** |
| **REG. # 23446-171** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **ROB MEYERS** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Zachary Lavon Oree ("Oree"), who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On November 1, 2011, a grand jury siting in the United States District Court for the District of South Carolina returned a one count indictment charging Oree with possession with intent to distribute 28 grams or more of cocaine base within 1,000 feet of an elementary school and a playground, a violation of 21 U.S.C. §§ 860, 841(a)(1) and (b)(1)(B). *United States v. Oree*, No. 3:11-cr-2275, doc. 2 (D.S.C.. Oct. 19, 2012). On December 14, 2011, the government filed an Information to Establish Prior Conviction, with the intention to seek enhanced penalty under 21 U.S.C. §§ 851 ("851 Enhancement:"). *Id*. at doc. 39. On April 26, 2012, Oree entered a plea of guilty (*id*. at docs. 50, 52) and on October 18, 2012, he was sentenced to a term of 262 months imprisonment, 16 years of Supervised Release, and a Mandatory Special Assessment Fee of $100

(*id*. at docs. 67, 68). On March 14, 2016, Oree's sentence was reduced to 210 months. *Id*. at doc. 82.

Oree brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause based on the Supreme Court's recent decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016), and their impacts on sentencing enhancements he claims to have received based on prior convictions. Doc. 1, pp. 6-7.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Oree alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Oree relies on (1) *Descamps*, supra, which held that courts may not apply a "modified categorical approach" to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in order to determine whether a prior offense

was a violent felony, and (2) *Mathis*, *supra*, which held that an Iowa burglary statute could not qualify as a crime of violence under the elements clause of § 924(e) and that the defendant's conviction under § 924(e), which relied on an Iowa burglary conviction, must be vacated. Oree maintains that, under these cases, his sentence should be vacated for resentencing without the 851 and career offender enhancements. Doc. 1, p. 8.

As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Oree does not claim to be innocent of the federal convictions for which he is currently serving his sentence. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241. *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214. He should instead pursue relief by filing a § 2255 motion in the trial court based on a newly recognized constitutional right under § 2255(f)(3).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 2nd day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE